# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:09-cv-00131-GSA-PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br>(Doc. 1.)<br><br>ORDER DENYING MOTION FOR BACKGROUND INVESTIGATION<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

## SCREENING ORDER

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff Lloyd Williams ("plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2009. Within the body of the complaint, plaintiff brings a motion for a background investigation to be conducted. The original complaint and plaintiff's motion for a background investigation are now before the court.

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III. SUMMARY OF COMPLAINT

Plaintiff is currently housed at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. In the complaint, plaintiff names as defendants Arnold Schwarzenegger (Governor), Ken Clark (Warden), Anthony Enenmoh (Chief Medical Officer), Gail Martinez (Health Care Manager), C. M. Heck (AGPA/ADA Unit), Sandra Sofiniski (Ophthalmology), Captain R. Fisher, Jr., G. Miller (Appeals Coordinator ("AC")), M. Crum (AC), R. Hall (AC), R. Gamez (AC), Dr. Tang, Dr. Mostafa Rahimi, S. Ymi (AC), Kings County, and Dr. Sampath Suryadevara (Chief Medical Officer). Plaintiff's allegations are based on events occurring at SATF.

Plaintiff's complaint speaks in generalities and recites conclusions with very few supporting facts. Plaintiff alleges that on September 23, 2008, he made medical staff at SATF aware of his ongoing medical needs. He alleges he suffers from diabetes, asthma, sinus problems, a right

2

shoulder injury, a right lower calf with a bullet, and a lower back injury. Plaintiff claims that the meals he is served at SATF consist largely of starchy foods which are "poison" to him as a diabetic. He states he is challenging a pattern of conduct whereby prison officials have ignored his dietary and medical concerns.

Plaintiff alleges that medical staff are responsible for his healing from surgery. He alleges that Governor Schwarzenegger, who is responsible for the well-being and custody of each California prisoner, breached a Governor Contract while maintaining the prison system. Plaintiff alleges that defendant Gail Martinez, a health care manager, did not take his complaints into consideration. He states that he is suing Kings County for letting the State of California approve the contract to build a state facility on Kings County land. Plaintiff also alleges that defendant Dr. Sampath Suryadevara was negligent and violated state policy during her employment.

Plaintiff suffers from anxiety and fear of jeopardizing his health. Plaintiff requests monetary damages and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Linkage Requirement

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act,

3

participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff does not link any affirmative act or omission to act by defendants Clark, Enenmoh, Heck, Sofiniski, Risher, Miller, Crum, Hall, Gamez, Tang, Rahini, or Ymi to the deprivation he alleges to have suffered. Therefore, plaintiff does not allege any facts giving rise to any cognizable claim for relief under section 1983 against any of these twelve defendants.

### B. Applicable Legal Standards

In the paragraphs that follow, the court will provide plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

#### 1. Official Capacity

In his complaint, plaintiff names Governor Schwarzenegger, Warden Clark, and other state officials as defendants. The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Therefore, to the extent that plaintiff is attempting to impose liability on defendants in their official capacity, he may not do so.

#### 2. Personal Capacity

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena, 976 F.2d at 472. "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where

4

plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

### 3. **Supervisory Personnel**

Defendants Governor Schwarzenegger, Warden Clark, and others are employed in supervisory positions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### 4. **Exhibits**

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff has attached sixty-seven pages of exhibits to the complaint, noting only "Please Read Exhibits A, B, & C." Plaintiff is advised that he may not submit exhibits in support of his complaint in this manner. If plaintiff chooses to attach exhibits to his complaint, he must refer specifically to each exhibit. Plaintiff may not merely point the court to attached exhibits and expect that the court will read through all of the exhibits and determine to which exhibit it appears plaintiff refers.

5

Further, if the exhibit consists of more than one page, plaintiff must refer to the specific portion of the exhibit. The court strongly suggests to plaintiff that exhibits should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

### 5. Eighth Amendment Medical Care Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment under the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir. 1992)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Further, a *complete* denial of medical care is not required to show deliberate indifference. Id. at 1132 (emphasis added). "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." Id.
///

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In addition, "mere delay of [medical treatment], without more, is insufficient to state a claim of deliberate medical indifference." Shapely v. Nevada Bd. of State of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely, 766 F.2d at 407).

Finally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff states that he was denied proper medical treatment by defendants, but he does not provide sufficient facts to give rise to an Eighth Amendment claim for relief. Plaintiff alleges that on September 23, 2008, he made medical staff at SATF aware of his ongoing medical needs. He alleges he suffers from diabetes, asthma, sinus problems, a right shoulder injury, a right lower calf
7

with a bullet, and a lower back injury. Plaintiff claims that the meals he is served at SATF consist largely of starchy foods which are "poison" to him as a diabetic. He states he is challenging a pattern of conduct whereby prison officials have ignored his dietary and medical concerns. Plaintiff also alleges that medical staff are responsible for his healing from surgery. Plaintiff alleges that defendant Gail Martinez, a health care manager, did not take his complaints into consideration. However, plaintiff does not allege any facts demonstrating that any of these defendants knew of and indifferently disregarded an excessive risk to plaintiff's health or safety. Therefore, plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment. Should plaintiff wish to amend his complaint, he should refer to the above when determining which facts to provide the court with regard to his medical care claim.

### 6. Municipal Liability

Plaintiff names Kings County as a defendant in this action. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell, 436 U.S. at 691; Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Id.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

///

///

### 7. **Prison Appeals Process**

Plaintiff names as defendants Appeals Coordinators G. Miller, M. Crum, R. Hall, R. Gamez, and S . Ymi. Plaintiff is advised that there is no constitutional right to an inmate appeals process. The Ninth Circuit has held that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. Id. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes a typical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Therefore, to the extent that plaintiff is attempting to impose liability on defendants for untimely or erroneous decisions concerning prison appeals, he may not do so.

### 8. **Americans With Disabilities Act**

Claims under the ADA are not cognizable against defendants in their individual capacities. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish

9

a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Further, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

Further, the treatment or lack of medical treatment for plaintiff's condition does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

### 9. California Tort Claims Act

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and

action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

## V. MOTION FOR BACKGROUND INVESTIGATION

Plaintiff brings a motion for a medical background investigation to be conducted on the defendants. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). Also, the in forma pauperis statute does not authorize the expenditure of public funds for the appointment of an investigator. 28 U.S.C. § 1915. Plaintiff does not indicate which defendants should be investigated, nor does he explain the purpose of the investigation. Without more facts, the court cannot adequately consider this motion. Therefore, the motion shall be denied without prejudice.

## VI. CONCLUSION AND ORDER

The court finds that plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez, 203 F.3d at 1130 (internal citations omitted). The court will provide plaintiff with time to file an amended complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the amended complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

///

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after January 22, 2009. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on January 22, 2009.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order;
3. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-00131-GSA-PC;
4. Plaintiff's motion for a background investigation is DENIED without prejudice; and
5. If plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **March 31, 2009**        /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE