# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD WILLIAMS, | 1:09-cv-00131-GSA-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | (Doc. 8.) |
| ARNOLD SCHWARZENEGGER, et al., | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| Defendants. | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.  RELEVANT PROCEDURAL HISTORY**

Plaintiff Lloyd Williams ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 22, 2009.  (Doc. 1.)  On February 3, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On March 31, 2009, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (Doc. 6.)  On April 30, 2009, Plaintiff filed an Amended Complaint, which is now before the Court for screening.  (Doc. 8.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF AMENDED COMPLAINT

At the time of the events at issue, Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff names as defendants Nurse LeMay (LVN) and Nurse West (RN).

Plaintiff alleges as follows in the Amended Complaint. Plaintiff is a diabetic. On October 14, 2008, Dr. Tang issued a Physician's Order for Plaintiff to receive two diabetic snacks per day due to hypoglycemia. On December 17, 2008, Nurse West and Nurse LeMay ignored the Order and denied Plaintiff his snacks. Nurse LeMay stated that she was not going to honor the Order. Nurse West supported Nurse LeMay's actions. Plaintiff claims that without the snacks, he could have become comatose. Plaintiff seeks compensatory and punitive damages as relief.

///

///

**IV.   PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

Plaintiff states that he was denied proper medical care by defendants, but his allegations do not give rise to a cognizable Eighth Amendment claim for relief. Plaintiff alleges that on December 17, 2008, defendant LeMay refused to comply with the Physician's Order to provide Plaintiff with diabetic snacks, and that defendant West supported defendant LeMay's actions. However, Plaintiff does not allege facts showing he suffered any harm as a result of defendants' actions. Plaintiff's

contention that he could have become comatose without the snacks merely demonstrates the possibility of harm.  Therefore, Plaintiff fails to state a cognizable claim.

## V.   CONCLUSION

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief can be granted; and

2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **February 25, 2011**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE